**F I L E D**

**UNITED STATES COURT OF APPEALS**

**December 20, 2006**

**TENTH CIRCUIT**

DAVID JACKSON,

      Petitioner-Appellant,

v.

GREYSON ROBINSON,

      Respondent-Appellee.

No. 06-1216
(District of Colorado)
(D.C. No. 06-CV-00264-ZLW)

**ORDER**

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Proceeding *pro se*, David Jackson seeks a certificate of appealability

("COA") so he can appeal the district court's dismissal of the habeas petition he

filed pursuant to 28 U.S.C. § 2254.  *See* 28 U.S.C. § 2253(c)(1)(A) (providing

that no appeal may be taken from a final order disposing of a § 2254 petition

unless the petitioner first obtains a COA).

Jackson initiated this § 2254 action on February 16, 2006, by filing a

document titled "Amended Writ of Habeus [sic] Corpus Ad Test" with the United

States District Court for the District of Colorado.  The district court ordered

Jackson to cure deficiencies in the petition.  The deficiencies were specifically

noted in the order and Jackson was warned that failure to comply with the order within thirty days would result in the dismissal of the petition. Jackson failed to cure the deficiencies within the thirty-day period but the court granted Jackson an additional thirty-day period in a second order, dated March 27, 2006. Jackson thereafter requested blank copies of the form on which he could file an amended § 2254 petition. The district court ordered the clerk of the court to mail Jackson two copies of a form captioned, "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254." Jackson, however, failed to cure the deficiencies or otherwise comply with the orders and the district court dismissed his § 2254 petition without prejudice.

To be entitled to a COA, Jackson must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Jackson can satisfy "this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When a district court dismisses a habeas petition on procedural grounds, a COA will only issue when "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would

find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). Our review of the record, including Jackson's appellate brief and application for a COA, demonstrates the district court's dismissal of Jackson's § 2254 petition is not deserving of further proceedings or subject to a different resolution on appeal. Accordingly, we **deny** Jackson's request for a COA, **deny** his motion to proceed *in forma pauperis* on appeal, and **dismiss** this appeal.

Entered for the Court
ELISABETH A. SHUMAKER, Clerk


By
    Deputy Clerk